IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHIEFTAIN ROYALTY COMPANY, )
 )
      Plaintiff, )
 )
v. ) No. CIV-11-29-FHS
 )
XTO ENERGY, INC. (including )
predecessors, successors and )
affiliates), )
 )
      Defendants. )

## OPINION AND ORDER

This is an action brought by Chieftain Royalty Company ("Chieftain") and putative class members seeking to recover for the failure of XTO Energy, Inc. (including predecessors, successors and affiliates)("XTO"), as the operator of certain Oklahoma gas wells, to properly pay royalties due on the production of gas and gas constituents from these Oklahoma wells. Chieftain's asserted theories of recovery[1] are derived from its underlying claim that XTO has underpaid royalties on gas and its constituents by improperly deducting costs incurred to transform the wellhead gas into a marketable condition for sale.

Before the Court is XTO's Motion to Dismiss (Dkt. No. 6) and the Chieftain's Motion to Stay Proceedings (Dkt. No. 24). On April 6, 2011, a hearing was held with respect to these motions. Relying on the first-to-file rule, XTO asks this Court to dismiss this

---

[1] Chieftain's theories of recovery are (1) breach of contact, (2) tortious breach of contract, (3) breach of fiduciary or quasi-fiduciary duty, (4) fraud (actual and constructive) and deceit, (5) conversion, (6) conspiracy, (7) accounting, and (8) injunctive relief.

1

putative class action because the claims asserted herein by Chieftain and the putative class members are substantially the same as those asserted in an earlier filed putative class action in the United States District Court for the District of Kansas, <u>Wallace B. Roderick Revocable Living Trust v. XTO, Energy, Inc.</u>, Case No. 08-1330-JTM-KMH ("<u>Roderick</u>").[2] Chieftain objects to XTO's request for dismissal and, alternatively, has moved the Court to stay the proceedings, including any ruling on XTO's Motion to Dismiss, until the United States District Court for the District of Kansas decides whether it will carve out the Oklahoma class in the <u>Roderick</u> case and transfer it to this Court or allow the modification of the class definition in <u>Roderick</u> in order to exclude royalty owners in Oklahoma gas wells from the class definition.[3] For the following reasons, this Court finds that it is appropriate to stay the proceedings herein and allow the <u>Roderick</u> court to determine the issues currently before it related to the proper forum in which the underlying claims should proceed.

The first-to-file rule is grounded in the concepts of comity among federal courts and sound judicial administration. <u>Cadle Co. v. Whataburger of Alice, Inc.</u>, 174 F.3d 599, 603 (5th Cir. 1999).

---

[2] In addition to seeking the dismissal of this entire case on the basis of the first-to-file rule, XTO alternatively argues for the dismissal of (1) Chieftain's conversion claim, (2) unnamed predecessors, successors, and affiliates, and (3) any claim against XTO as a predecessor, successor, or affiliate.

[3] On February 18, 2011, the Plaintiff in <u>Roderick</u> filed a Motion To Sever A Portion Of The Class And Transfer Venue Or, In The Alternative, Supplement Plaintiff's Motion For Class Certification To Narrow The Class Definition. Exhibit 1 to Chieftain's Motion To Stay Proceedings (Dkt. No. 24). A Motion for Class Certification was previously filed in <u>Roderick</u> on November 15, 2010. Exhibit 2 to XTO's Motion to Dismiss (Dkt. No. 6).

"The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985). Under this well-established doctrine, a district court is permitted "to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court." Buzas Baseball, Inc. v. Bd. of Regents of the Univ. of Ga., 189 F.3d 477 (table), 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999). Although the preference is for the first-filed court to decide on the application of the first-to-file rule, a second-filed court may exercise its discretion and consider the application of the first-to-file rule in the first instance. Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc., 679 F.Supp.2d 1287, 1296-97 (D. Kan. 2010). If it is determined that the first-to-file rule applies, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997); see Cherokee Nation v. Nash, 724 F.Supp.2d 1159, 1171 (N.D.Okla. 2010)("After determining whether the first to file rule generally applies, courts within the Tenth Circuit have the option of staying the second-filed action pending the outcome of the first-filed action, rather than immediately transferring the case to the first-filed court.").

The application of the first-to-file rule is determined by an examination of the following factors: (1) the chronology of the actions, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991); Cherokee Nation, 724 F.Supp.2d at 1167; Wallace B. Roderick Revocable Living Trust,

3

679 F.Supp.2d at 1296. It is abundantly clear that all three factors weigh in favor of application of the rule.[4] First, the Roderick case was initially filed in the District Court of Kearny County, Kansas, on September 18, 2008, and was later removed to the United States District Court for the District of Kansas on October 24, 2008. The instant case was initially filed in the District Court of Coal County, Oklahoma, on December 17, 2010, and was later removed to this federal court on January 21, 2011. Thus, the Roderick case was filed first - more than two years before the filing of the instant action. Second, the parties are similar as XTO is the lone defendant in both actions and the putative class concerning the Oklahoma wells in this case is included in the Roderick putative class, i.e., this action is a complete subset of the Roderick action. Finally, the issues at stake are undeniably substantially similar.[5] Although additional theories of recovery are asserted in the instant action[6], the underlying claims in both cases are centered on the argument that XTO underpaid royalties due class members on the production of gas and its constituents by improperly deducting costs incurred to place the gas in marketable condition for sale. While the theories of recovery asserted in the

---

[4] Indeed, in its Response Brief (Dkt. No. 15) to XTO's Motion to Dismiss, Chieftain does not contest the application of the first-to-file doctrine. Rather, Chieftain argues that transfer, as opposed to dismissal, is the applicable remedy and that, in any event, XTO's Motion to Dismiss "will shortly be moot" in light of the motion filed in Roderick seeking a transfer to this Court or an alteration of the Roderick class definition.

[5] Chieftain recognizes this similarity of issues in its Complaint wherein it states "[t]o Plaintiff's knowledge, there is no pending litigation against XTO that incorporates the statewide claims of improper deductions from mineral interest proceeds related to the Class wells other than the case styled *Roderick et al v. XTO Energy, Inc.*, Case No. 08-CV-01330-JTM-KMH D.C. KS."

[6] In Roderick, the theories of recovery are (1) breach of contract, (2) unjust enrichment, and (3) accounting.

cases do not mirror each other, the underlying claims nonetheless arise out of the same alleged improper actions by XTO; consequently, there is a substantial similarity of the issues at stake.

Having determined that the first-to-file rule is applicable, the Court concludes that a stay of this action is the appropriate remedy under the circumstances.  The Roderick Court has before it a motion which will determine the proper forum for the resolution of the claims against XTO by the royalty owners in Oklahoma wells. This Court finds it proper to defer to the judgment of the Roderick Court to resolve those issues.  Maintaining the status quo until the Roderick Court enters its rulings promotes the efficient use of judicial resources as well as the resources of the parties.  Should the Roderick Court determine that it will not carve out the Oklahoma class and transfer it to this Court **and** should it decline to modify the class definition to exclude the Oklahoma class, then this Court will transfer this action to the United States District Court for the District of Kansas for consolidation with Roderick. On the other hand, should the Roderick Court carve out the Oklahoma class and transfer it to this Court for consolidation with the instant action **or** should it allow a modification of the class definition to exclude the Oklahoma class, then this Court will lift the stay and proceed with the instant litigation.  The parties shall notify this Court when the Roderick Court issues its rulings on these matters.

Based on the foregoing reasons, Chieftain's Motion to Stay Proceedings (Dkt. No. 24) is granted.  XTO's Motion to Dismiss (Dkt. No. 6) is held in abeyance pending rulings by the United States District Court for the District of Kansas in the Roderick case.

It is so ordered this 22nd day of April, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma