# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHIEFTAIN ROYALTY COMPANY,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**XTO ENERGY INC.,** )<br>)<br>Defendant. ) | Case No. CIV-11-29-KEW |

## ORDER AWARDING REIMBURSEMENT OF LITIGATION EXPENSES

Before the Court is Class Counsel's Motion for Approval of Reimbursement of Litigation Expenses (Dkt. No. 210) (the "Motion") and Memorandum of Law in Support Thereof (Dkt. No. 211) (the "Memorandum"), wherein Class Counsel seeks entry of an Order approving Class Counsel's request for Reimbursement of Litigation Expenses, which were incurred in successfully prosecuting and resolving this Litigation, in an amount not to exceed $3,250,000—the amount set forth in the Notice. The Court has considered the Motion and Memorandum, all matters submitted in connection therewith and the proceedings on the Final Fairness Hearing conducted on March 26, 2018. The Court finds the Motion should be granted.

IT IS THEREFORE ORDERED as follows:

1.  This Order incorporates by reference the definitions in the Settlement Agreement and all terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2.  The Court, for purposes of this Order, incorporates herein its findings of fact and conclusions of law from its Order and Judgment Granting Final Approval of Class Action Settlement as if fully set forth.

3. The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

4. The Notice stated that Class Counsel would seek Reimbursement of Litigation Expenses, which were incurred in successfully prosecuting and resolving this Litigation, in an amount not to exceed $3,250,000. Notice of Class Counsel's request for Reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the request for Reimbursement of Litigation Expenses is hereby determined to have been the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

5. Class Counsel provided the Court with abundant evidence in support of their request for Reimbursement of Litigation Expenses, including but not limited to: (1) the Motion and Memorandum; (2) the Declaration of Geoffrey P. Miller in Support of the Settlement Agreement, Certification of the Settlement Class for Settlement Purposes, Class Counsel's Application for Attorneys' Fees, Reimbursement of Litigation Expenses, Class Representative's Request for Case Contribution Award, and Notice Of Proposed Settlement ("Miller Decl.") (Dkt. No. 206); (3) the Declaration of Bradley E. Beckworth, Patranell Lewis and Rex A. Sharp on Behalf of Class Counsel ("Class Counsel Decl.") (Dkt. No. 218-1); (4) the Declaration of Bradley E. Beckworth Filed on Behalf of Nix, Patterson & Roach, LLP ("NPR Decl.") (Dkt. No. 216-1); (5) the Declaration of Joseph Gunderson and Rex A. Sharp ("G&S Decl.") (Dkt. No. 216-2); (6) the Declaration of Robert N. Barnes and Patranell Britten Lewis ("B&L Decl.") (Dkt. No. 216-3); (7) the Declaration of Michael Burrage ("WB Decl.") (Dkt. No. 216-4); (8) the Declaration of

Robert Abernathy President of Chieftain Royalty Company (Dkt. No. 215-1); (9) the Declaration of Jennifer M. Keough on Behalf of Settlement Administrator JND Legal Administration LLC, Regarding Notice Mailing and Administration of Settlement ("JND Decl.") (Dkt. No. 215-4); and (10) the Affidavits of Absent Class Members, Dan Little (Dkt. No. 215-5); Michael P. Starcevich (Dkt. No. 215-6); Michael J. Weeks (on behalf of three class members: Pagosa Resources, LLC; Legacy Royalty, LLC; and Michael J. Weeks Revocable Trust) (Dkt. No. 215-7); Clear Fork Minerals, LLC (Dkt. No. 215-8); Clear Energy, Ltd. (Dkt. No. 215-9); Allen Tim Meyer Trustee of The Allen Tim Meyer Revocable Trust (Dkt. No. 215-10). This evidence was submitted to the Court well before the objection and opt-out deadline, and none of the evidence was objected to or otherwise refuted by any Settlement Class Member.

6. Class Counsel is hereby awarded Reimbursement of Litigation Expenses in an amount not to exceed $3,250,000, to be paid from the Gross Settlement Fund. In making this award, the Court makes the following findings of fact and conclusions of law:

(a) The Settlement has created a fund of $80,000,000 in cash, Defendant's implementation of new procedures and policies for calculating and paying royalty with respect to production on Class Wells connected to the Ardmore Loop that Class Representative's expert estimates and Defendant does not contest resulted in no less than $60,000,000.00 already being paid to Class Members who own a royalty interest in the Class Wells connected to the Ardmore Loop, Defendant's agreement to continue to implement these procedures and policies with respect to production on Class Wells connected to the Ardmore Loop, which Class Representative's expert estimates has a net present value of at least $74,000,000.00 over the next ten years, and $750,000 in administration, notice and distribution costs, which is a significant benefit to the Settlement

Class as such funds would otherwise be paid from the Gross Settlement Fund.  Settlement Class Members will benefit from the Settlement that occurred because of the substantial efforts of Class Representative and Class Counsel;

(b) On February 12, 2018, JND caused the Notice of Settlement to be mailed via first-class regular mail using the United States Postal Service to 20,692 unique mailing records identified in the mailing data.  *See* JND Decl. at ¶10.  Further, JND mailed Notices to an additional 470 records on February 21-22, 2018.  *Id.*  In addition, on February 26, 2018, JND mailed notices to an additional 1,338 records identified in the mailing data.  *Id*.  The Notice expressly stated that Class Counsel would seek Reimbursement of Litigation Expenses in an amount not to exceed $3,250,000. There were no objections to the requested reimbursement of expenses;

(c) Class Counsel filed its Motion ten (10) days prior to the deadline for Settlement Class Members to object.  No objections were filed regarding Class Counsel's Motion for Approval of Reimbursement of Litigation Expenses;

(d) The Parties here contractually agreed that the Settlement Agreement shall be governed *solely* by federal common law with respect to certain issues, including the reasonableness of requests for reimbursement of expenses:

> To promote certainty, predictability, the full enforceability of this Settlement Agreement as written, and nationwide application, the Parties agree that this Settlement Agreement shall be governed solely by any federal law as to due process, class certification, judgment, collateral estoppel, res judicata, release, settlement approval, allocation, case contribution award, the right to and reasonableness of attorneys' fees and expenses, and all other matters for which there is federal procedural or common law, including federal law regarding federal equitable common fund class actions. For any such matters where there is no federal common law, Oklahoma state law will govern.

Settlement Agreement at ¶11.8;

4

(e) This choice of law provision complies with Oklahoma conflicts of laws and/or choice of law principles and should be and is hereby enforced. *See Reirdon v. XTO Energy Inc.*, Case No. 6:16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018), Order Awarding Reimbursement of Litigation Expenses (Dkt. No. 125) ("*Reirdon* Litigation Expenses Order") at ¶6(e); *see also Leritz v. Farmers Ins. Co.*, 2016 OK 79, ¶1 n.2, 385 P.3d 991, 992 ("Generally, '[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied . . ..'"); Miller Decl. at ¶¶41-44;

(f) Applying federal common law, Rule 23(h) allows courts to reimburse counsel for "non-taxable costs that are authorized by law." FED. R. CIV. P. 23(h). "As with attorneys' fees, an attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred . . . in addition to the attorney fee percentage." *Reirdon* Litigation Expenses Order at ¶6(f) (quoting *Vaszlavik v. Storage Tech. Corp.*, No. 95-B-2525, 2000 U.S. Dist. LEXIS 21140, at *11 (D. Colo. Mar. 9, 2000)). Similarly, the Oklahoma class action statute provides "the court may award . . . nontaxable costs that are authorized by law or by the parties' agreement." 12 O.S. §2023(G)(1); *Reirdon* Litigation Expenses Order at ¶6(f);

(g) Class Counsel set forth in the Notice that they would seek up to $3,250,000 in reimbursement of expenses. *See* JND Decl. at Exhibit A. To date, Class Counsel's out-of-pocket expenses are $1,659,904.58. I find that all of these expenses were reasonably and necessarily incurred by Class Counsel, and are directly related to their prosecution and resolution of this Litigation. *See* Class Counsel Decl.; NPR Decl.; GS Decl.; B&L Decl.; WB Decl. I find that these expenses are fair and reasonable under Oklahoma state law for the same reasons they are fair and reasonable under federal common law and supported by

the same evidence of reasonableness. The costs include routine expenses related to copying, court fees, postage and shipping, phone charges, legal research, and travel and transportation, as well as expenses for experts, document production and review, and mediation, which are typical of large, complex class actions such as this.[1]  *Id.*  As such, the Expense Request is fair, reasonable and is hereby granted.  *See Reirdon* Litigation Expenses Order at ¶6(g); Miller Decl. at ¶96; and

(h)   Therefore, Class Counsel is awarded $1,659,904.58 in past expenses and may request any additional amount Class Counsel may incur after the entry of this Order not to exceed $3,250,000, upon 14 days' written notice to the Court. If, upon receipt of any such future request, the Court has not ruled within 14 days thereof, such request shall be deemed granted.

7.   Any appeal or any challenge affecting this Order Awarding Reimbursement of Litigation Expenses shall in no way disturb or affect the finality of the Order and Judgment Granting Final Approval of Class Action Settlement, the Settlement Agreement or the Settlement contained therein.

8.   Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order.

9.   There is no reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

---

[1] Class Counsel's Expense Request does not include the Administration, Notice and Distribution Costs associated with effectuating the Settlement, which Defendant will bear in an amount up to $750,000.  *See* Settlement Agreement at ¶1.1.

IT IS SO ORDERED this 27th day of March, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE